DISTRICT 318 SERVICE EMPLOY-
EES ASSOCIATION, Appellant,

v.

INDEPENDENT SCHOOL DISTRICT
NO. 318, et al., Respondents.

No. C5–02–438.

Court of Appeals of Minnesota.

Sept. 3, 2002.

Mitchell J. Brunfelt, Colosimo, Patchin, Kearney, Lindell & Brunfelt, Ltd., Virginia, MN; and Don L. Bye, Duluth, MN, for appellant.

Steven C. Fecker, Jessica L. Durbin, Johnson, Killen & Seiler, P.A., Duluth, MN, for respondents.

Considered and decided by RANDALL, Presiding Judge, HARTEN, Judge, and SHUMAKER, Judge.

## OPINION

HARTEN, Judge.

When respondent school district declined to submit to the grievance procedure an employee's contention that she should be classified and paid as a technician rather than a technician's assistant, appellant employees' association moved the district court to compel arbitration. The district court denied appellant's motion holding that the parties had no agreement to arbitrate an employee's classification and pay. Because we see no error of law in this determination, we affirm.

## FACTS

Appellant District 318 Service Employees Association (the association) and respondent Independent School District 318 (the school district) were parties to a collective bargaining agreement (CBA). The CBA provided in relevant part that

> [g]rievance shall mean all allegations * * * in a dispute or disagreement * * * as to the application or interpretation of the terms and conditions of employment as found in this Agreement.
>
> *　　*　　*　　*　　*　　*
>
> The arbitrator shall not have the power to add to, to subtract from, or to modify in any way the terms of the existing contract.

Jeanne Garner became a member of the association when she was hired by the school district as a technician's assistant, a position compensated at $13.24 per hour under the CBA. Garner contended that, because she was actually performing the duties of a technician, she should be reclassified and compensated at $17.48 per

hour, the rate designated for that position by the CBA. In support of this contention, Garner submitted affidavits asserting that she performed the duties of technician and alleging that she had been given an oral promise that she would be promoted to technician after acquiring the appropriate knowledge and training.

The association sought to file a grievance on Garner's behalf. The school district declined in correspondence indicating:

> No provision of the collective bargaining agreement even arguably applies to the objections and issue * * *; therefore, the School District will not submit this matter to the grievance procedure. However, we continue to be willing to discuss your concerns and try to resolve them.

The association then moved the district court for an order compelling arbitration. The district court denied the motion, and the association challenges the denial.

## ISSUE

Should the school district be compelled to arbitrate?

## ANALYSIS

[I]f the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party, otherwise, the application shall be denied.

Minn.Stat. § 572.09(a) (2000). *See also Atcas v. Credit Clearing Corp.*, 292 Minn. 334, 341, 197 N.W.2d 448, 452 (1972) (if no agreement to arbitrate exists, either in fact or because the controversy is not within the scope of the arbitration clause, the court may protect a party from being compelled to arbitrate). The district court denied the association's application to compel arbitration on the ground that the con-

troversy was not within the scope of the arbitration clause. Appellate courts review a determination of arbitrability de novo. *Indep. Sch. Dist. No. 88 v. Sch. Serv. Employees Union Local 284*, 503 N.W.2d 104, 106 (Minn.1993).

The association is entitled to arbitrate an unresolved grievance, but a grievance is an "allegation[ ] * * * as to the application or interpretation of the terms and conditions of employment as found in [the CBA]". The CBA says nothing specific about the duties of technicians as opposed to technician's assistants, nor does it refer to employees who perform the duties of those in a higher-paid classification. Accordingly, the terms and conditions of employment giving rise to the association's allegation are not found in the CBA, and the parties have no agreement to arbitrate them.

The association relies on *Atcas*, 292 Minn. at 341, 197 N.W.2d at 452, providing that, "[i]f the intention of the parties is reasonably debatable as to the scope of the arbitration clause, the issue of arbitrability is to be initially determined by the arbitrators." The association argues that, because the parties are debating the scope of the arbitration clause, it is ipso facto "reasonably debatable." But that argument leads to an absurd result: simply by disagreeing with an opposing party, a party could bring any issue into the scope of the arbitration clause.

## DECISION

Because the association's allegation arose out of conditions not mentioned in the CBA, the association is not entitled to compel arbitration.

**Affirmed.**